THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISAAC TORRES-SANTOS,<br>      Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Civil No. 22-1000 (ADC) |

**OPINION AND ORDER**

Plaintiff filed the instant action on January 3, 2022. **ECF Nos. 1, 2**. Since then, however, plaintiff has failed to prosecute the case.

First, the Court granted plaintiff until August 10, 2022 to inform whether he consented to trial jurisdiction of a Magistrate Judge to preside over the case. **ECF No. 3**. On August 8, 222, Plaintiff filed a Spanish language document. **ECF No. 6-1**. The Clerk of Court entered notice of defective filing informing plaintiff "Pleading or document is not in the English language and plaintiff has not moved for permission to file pleading in the Spanish language. L.Civ.R. 5." **ECF No. 6**. Considering plaintiff's pro se status, the Clerk of Court provided notice in both English and Spanish language. The Clerk of Court granted plaintiff 21 days to submit his filing in the English language. *Id*.

On August 10, 2022, the Court again ordered plaintiff to inform whether he consented to trial jurisdiction of a Magistrate Judge to preside over the case. **ECF No. 5**. Plaintiff failed to comply, On August 25, 2022, the Court entered the following order:

> Plaintiff filed a document in the Spanish language at ECF No. 6-1. Accordingly, the Clerk of Court sent notice to plaintiff of a defective filing. Plaintiff is informed that pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Local Civil Rule 5 requires that "[a]ll documents not in the English must be accompanied by a certified translation into English." Moreover, the Court notes that plaintiff's complaint did not include a statement of facts or claims. See ECF No. 2 at 3-4. Thus it fails to include (1) a short and plain statement of the ground for the court's jurisdiction; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief sought as required by Fed. R. Civ. P. 8. Plaintiff is granted 28 days to comply. Filings in English language due by September 23, 2022. Failure to comply may entail sanctions including dismissal of the complaint. Plaintiff is encouraged to review this District Court's Pro Se Litigant Guidebook available in both English and Spanish language. (https://www.prd.uscourts.gov/pro-se-forms) Notice of Compliance Deadline due by 9/23/2022

**ECF No. 7**. Plaintiff filed a document on September 28, 2022. **ECF No. 8-1**. However, once again, it was filed in the Spanish language. *Id*. Thus, the Clerk of Court, again, entered a notice of defective filing informing plaintiff of the fact that the Court could not entertain documents in the Spanish language. **ECF No. 8**. Considering plaintiff's pro se status, the Clerk of Court provided notice in both English and Spanish language.

Plaintiff never responded to the Order or otherwise moved for an extension of time to comply. To this date, plaintiff has failed to comply or otherwise prosecute his case.

Thus, at this stage, plaintiff's complaint is devoid of factual allegations and thus fails to comply with Fed. R. Civ. P. 8 as the Court warned at **ECF No. 7**. Moreover, the Court cannot

entertain plaintiff's Spanish language-filings at **ECF No. 6-1, 8-1**, and therefore cannot assume that those filings would have addressed these issues, amended the complaint, complied with this Court's Orders or otherwise seek any other relief. Plaintiff was specifically warned that failure to comply would entail dismissal of the action.

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Local Rule 5 requires that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." The United States Court of Appeals for the First Circuit requires strict enforcement of the English language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008). Allowing non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id.* Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department,* 377 F.3d 81, 89 (1st Cir.2004).

Plaintiff has failed to comply with 48 U.S.C. § 864, as well as L. Civ. R. 5, and this Court's Orders. The Court allotted plaintiff plenty of time to comply with this Court's English language rule as well as Fed. R. Civ. P. 8, and explicitly warned plaintiff of the consequences of failure to comply.

Considering all the above, dismissal of the case is warranted under 48 U.S.C. § 864.

Accordingly, the case is hereby **DISMISSED WITHOUT PREJUDICE**. All pending motions are **MOOT**. Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 8th day of December, 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**